Mildred K. O'Linn (State Bar No. 159055)
*missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
*robert.murphy@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Attorneys for Defendants,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELVIN FULLER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA, Special Representative of the Estate of DAVID SHIVELY, and RICHARD E. NELSON,<br><br>Defendants. | Case No. 2:26-CV-08544-AS<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Trial Date: N/A |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant CITY OF WEST COVINA (the City), a public entity, answers the Complaint of Plaintiff KELVIN FULLER as follows. To the extent any allegation is directed to other defendants or contains legal conclusions, characterization, commentary, or argument, no response is required; to the extent a response is deemed required, such allegations are denied. The City denies all allegations not expressly admitted herein.

**<u>ANSWER TO COMPLAINT</u>**

1. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was arrested, charged, and convicted of a crime that he did not commit and is therefore, innocent, and on that basis denies the

allegation that plaintiff alleges he was arrested, charged, and convicted in 1985 and asserts innocence. The defendant City denies any and all other allegations in this paragraph.

2. The City denies that its detectives fabricated evidence and suppressed evidence of plaintiff's innocence, as well as the other allegations in this paragraph.

3. The City denies that its customs and practices permitted officers to frame Plaintiff, as well as the other allegations in this paragraph.

4. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding exoneration and a declaration of factual innocence, and on that basis denies that Plaintiff was wrongly imprisoned for several decades until exonerated and declared factually innocent, as well as the other allegations in this paragraph.

5. The City admits that plaintiff seeks redress for alleged wrongful conduct through this lawsuit. The City denies any liability to plaintiff and as to any other allegations in this paragraph.

6. The City admits that plaintiff purports to present claims under 42 U.S.C. section 1983 and California law. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

7. The City admits plaintiff invokes 28 U.S.C. sections 1331 and 1367 as jurisdictional bases. The City denies any inference with the operation of those statutes as well as any other allegations in this paragraph.

8. The City admits plaintiff alleges venue is proper under 28 U.S.C. § 1391(b) and that events are alleged to have occurred in this District. The City denies any liability to plaintiff and as to any other allegations in this paragraph.

9. The City lacks knowledge or information sufficient to form a belief as to plaintiff's age, imprisonment history, and current circumstances, and on that basis denies any violation of law or tortious conduct as well as any other allegations in this paragraph.



MK MANNING | KASS

10. The City admits only that the Complaint names a Special Representative of the Estate of David Shively and alleges Shively was a City employee and WCPD detective acting under color of law. The City denies the remaining allegations and characterizations in this paragraph.

11. The City admits only that the Complaint alleges Richard E. Nelson was a City employee and WCPD detective acting under color of law. The City denies the remaining allegations and characterizations in this paragraph.

12. The City admits that the Complaint uses the term “Individual Defendants” to refer to Shively and Nelson. The City denies the remaining allegations and characterizations in this paragraph.

13. Denied to the extent this paragraph asserts legal conclusions regarding agency, indemnification, respondeat superior liability, or Monell liability. The City admits only that it employed Shively and Nelson in the WCPD at relevant times as alleged. The City admits only that the Complaint alleges the City employed Shively and Nelson, is responsible for indemnifying judgments against them, is liable under respondeat superior for their torts, and liable for violations caused by the alleged unconstitutional policies and customs. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

14. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the “Charley Brown Restaurant” incident, alleged perpetrators, victim identifications, arrests, and descriptions, and on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

15. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the “Charley Brown Restaurant” incident, alleged perpetrators, victim identifications, arrests, and descriptions, and

on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

16. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the "Charley Brown Restaurant" incident, alleged perpetrators, victim identifications, arrests, and descriptions, and on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

17. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the "Charley Brown Restaurant" incident, alleged perpetrators, victim identifications, arrests, and descriptions, and on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

18. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the "Charley Brown Restaurant" incident, alleged perpetrators, victim identifications, arrests, and descriptions, and on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

19. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the "Charley Brown Restaurant" incident, alleged perpetrators, victim identifications, arrests, and descriptions, and



MANNING | KASS

on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

20. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the “Charley Brown Restaurant” incident, alleged perpetrators, victim identifications, arrests, and descriptions, and on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

21. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the “Charley Brown Restaurant” incident, alleged perpetrators, victim identifications, arrests, and descriptions, and on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

22. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the “Charley Brown Restaurant” incident, alleged perpetrators, victim identifications, arrests, and descriptions, and on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

23. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the “Charley Brown Restaurant” incident, alleged perpetrators, victim identifications, arrests, and descriptions, and

MANNING | KASS

MANNING | KASS

on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

24. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the "Charley Brown Restaurant" incident, alleged perpetrators, victim identifications, arrests, and descriptions, and on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

25. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions regarding the "Charley Brown Restaurant" incident, alleged perpetrators, victim identifications, arrests, and descriptions, and on that basis denies each allegation. Plaintiff alleges detailed facts about the October 17, 1983 incident, descriptions, and identifications involving individuals including Bradley, Turner, Alexander, and Dixson. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

26. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

27. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or

after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

28. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

29. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

30. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

31. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

32. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array



MK MANNING | KASS

was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

33. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

34. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

35. Denied. The City denies the allegations wherein plaintiff claims that Nelson included Fuller in a March 8, 1984 photo array without basis, that the array was suggestive, procedures departed from accepted practice, and that misidentification/fabrication occurred and there was no probable cause before or after the array. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

36. Denied. The City lacks knowledge as to Plaintiff's Riverside arrest details apart from what is alleged and on that basis denies. Plaintiff alleges an April 20, 1984 arrest in Riverside, interrogations by Shively and Nelson, a fabricated inculpatory statement, and supervisor approval of reports. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.



MK MANNING | KASS

37. Denied. The City lacks knowledge as to Plaintiff's Riverside arrest details apart from what is alleged and on that basis denies. Plaintiff alleges an April 20, 1984 arrest in Riverside, interrogations by Shively and Nelson, a fabricated inculpatory statement, and supervisor approval of reports. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

38. Denied. The City lacks knowledge as to Plaintiff's Riverside arrest details apart from what is alleged and on that basis denies. Plaintiff alleges an April 20, 1984 arrest in Riverside, interrogations by Shively and Nelson, a fabricated inculpatory statement, and supervisor approval of reports. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

39. Denied. The City lacks knowledge as to Plaintiff's Riverside arrest details apart from what is alleged and on that basis denies. Plaintiff alleges an April 20, 1984 arrest in Riverside, interrogations by Shively and Nelson, a fabricated inculpatory statement, and supervisor approval of reports. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

40. Denied. The City denies plaintiff's allegations of suppression of exculpatory information, knowledge of innocence, shift from other suspects, assurances to the victim, and failure to pursue leads. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

41. Denied. The City denies plaintiff's allegations of suppression of exculpatory information, knowledge of innocence, shift from other suspects, assurances to the victim, and failure to pursue leads. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.



MK MANNING | KASS

MANNING | KASS

42. Denied. The City denies plaintiff's allegations of suppression of exculpatory information, knowledge of innocence, shift from other suspects, assurances to the victim, and failure to pursue leads. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

43. Denied. The City denies plaintiff's allegations of suppression of exculpatory information, knowledge of innocence, shift from other suspects, assurances to the victim, and failure to pursue leads. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

44. Denied. The City denies plaintiff's allegations of suppression of exculpatory information, knowledge of innocence, shift from other suspects, assurances to the victim, and failure to pursue leads. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

45. Denied. The City denies plaintiff's allegations of suppression of exculpatory information, knowledge of innocence, shift from other suspects, assurances to the victim, and failure to pursue leads. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

46. Denied. The City denies plaintiff's allegations of suppression of exculpatory information, knowledge of innocence, shift from other suspects, assurances to the victim, and failure to pursue leads. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

47. Denied. The City denies plaintiff's allegations of suppression of exculpatory information, knowledge of innocence, shift from other suspects, assurances to the victim, and failure to pursue leads. The City further denies any

MANNING | KASS

violation of law or tortious conduct as well as any other allegations in this paragraph.

48. Denied. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's prosecution, conviction, and incarceration history beyond the allegations and on that basis denies, and further denies any causation or wrongdoing by City personnel. Plaintiff alleges prosecution, trial in 1985, reliance on purported fabrications, defense evidence of misidentification, conviction, and over thirty years' imprisonment. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

49. Denied. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's prosecution, conviction, and incarceration history beyond the allegations and on that basis denies, and further denies any causation or wrongdoing by City personnel. Plaintiff alleges prosecution, trial in 1985, reliance on purported fabrications, defense evidence of misidentification, conviction, and over thirty years' imprisonment. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

50. Denied. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's prosecution, conviction, and incarceration history beyond the allegations and on that basis denies, and further denies any causation or wrongdoing by City personnel. Plaintiff alleges prosecution, trial in 1985, reliance on purported fabrications, defense evidence of misidentification, conviction, and over thirty years' imprisonment. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

51. Denied. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's prosecution, conviction, and incarceration history beyond the allegations and on that basis denies, and further denies any causation or wrongdoing by City personnel. Plaintiff alleges prosecution, trial in 1985, reliance on purported fabrications, defense evidence of misidentification, conviction, and over thirty

MANNING | KASS

years' imprisonment. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

52. Denied. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's prosecution, conviction, and incarceration history beyond the allegations and on that basis denies, and further denies any causation or wrongdoing by City personnel. Plaintiff alleges prosecution, trial in 1985, reliance on purported fabrications, defense evidence of misidentification, conviction, and over thirty years' imprisonment. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

53. Denied. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's prosecution, conviction, and incarceration history beyond the allegations and on that basis denies, and further denies any causation or wrongdoing by City personnel. Plaintiff alleges prosecution, trial in 1985, reliance on purported fabrications, defense evidence of misidentification, conviction, and over thirty years' imprisonment. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

54. Denied. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's prosecution, conviction, and incarceration history beyond the allegations and on that basis denies, and further denies any causation or wrongdoing by City personnel. Plaintiff alleges prosecution, trial in 1985, reliance on purported fabrications, defense evidence of misidentification, conviction, and over thirty years' imprisonment. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

55. Denied. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's prosecution, conviction, and incarceration history beyond the allegations and on that basis denies, and further denies any causation or wrongdoing by City personnel. Plaintiff alleges prosecution, trial in 1985, reliance on purported fabrications, defense evidence of misidentification, conviction, and over thirty

years' imprisonment. The City further denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

56. The City lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding post-conviction developments, alleged confession by Tracy Turner, vacatur, dismissal, and a 2025 factual innocence declaration. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

57. The City lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding post-conviction developments, alleged confession by Tracy Turner, vacatur, dismissal, and a 2025 factual innocence declaration. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

58. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged damages and ongoing harms and on that basis denies. Plaintiff alleges personal, emotional, reputational, and ongoing damages arising from alleges personal, emotional, reputational, and ongoing damages arising from wrongful conviction and imprisonment. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

59. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged damages and ongoing harms and on that basis denies. Plaintiff alleges personal, emotional, reputational, and ongoing damages arising from alleges personal, emotional, reputational, and ongoing damages arising from wrongful conviction and imprisonment. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

60. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged damages and ongoing harms and on that basis denies. Plaintiff alleges personal, emotional, reputational, and ongoing damages arising from alleges personal, emotional, reputational, and ongoing damages arising from wrongful

MANNING | KASS

conviction and imprisonment. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

61. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged damages and ongoing harms and on that basis denies. Plaintiff alleges personal, emotional, reputational, and ongoing damages arising from alleges personal, emotional, reputational, and ongoing damages arising from wrongful conviction and imprisonment. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

62. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged damages and ongoing harms and on that basis denies. Plaintiff alleges personal, emotional, reputational, and ongoing damages arising from alleges personal, emotional, reputational, and ongoing damages arising from wrongful conviction and imprisonment. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

63. The City lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged damages and ongoing harms and on that basis denies. Plaintiff alleges personal, emotional, reputational, and ongoing damages arising from alleges personal, emotional, reputational, and ongoing damages arising from wrongful conviction and imprisonment. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

64. The City incorporates by reference its responses to paragraphs 1–64 as if set forth fully herein. Count I incorporates prior paragraphs by reference. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

65. Denied. The City denies the Count I allegations of Fourteenth Amendment due process and fair trial violations by Nelson and Shively, including fabrication and suppression, causing prosecution and conviction, and undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as

well as any other allegations in this paragraph.

66. Denied. The City denies the Count I allegations of Fourteenth Amendment due process and fair trial violations by Nelson and Shively, including fabrication and suppression, causing prosecution and conviction, and undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

67. Denied. The City denies the Count I allegations of Fourteenth Amendment due process and fair trial violations by Nelson and Shively, including fabrication and suppression, causing prosecution and conviction, and undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

68. Denied. The City denies the Count I allegations of Fourteenth Amendment due process and fair trial violations by Nelson and Shively, including fabrication and suppression, causing prosecution and conviction, and undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

69. Denied. The City denies the Count I allegations of Fourteenth Amendment due process and fair trial violations by Nelson and Shively, including fabrication and suppression, causing prosecution and conviction, and undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

70. Denied. The City denies the Count I allegations of Fourteenth Amendment due process and fair trial violations by Nelson and Shively, including fabrication and suppression, causing prosecution and conviction, and undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

71. Denied. The City denies the Count I allegations of Fourteenth Amendment due process and fair trial violations by Nelson and Shively, including

fabrication and suppression, causing prosecution and conviction, and undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

72. Denied. The City denies the Count I allegations of Fourteenth Amendment due process and fair trial violations by Nelson and Shively, including fabrication and suppression, causing prosecution and conviction, and undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

73. Denied. The City denies the Count I allegations of Fourteenth Amendment due process and fair trial violations by Nelson and Shively, including fabrication and suppression, causing prosecution and conviction, and undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

74. The City incorporates by reference its responses to paragraphs 1–74 as if set forth fully herein. Count II incorporates prior paragraphs by reference.

75. Denied. The City denies the Plaintiff's Count II allegations that Fourth Amendment illegal detention and lack of probable cause, undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

76. Denied. The City denies the Plaintiff's Count II allegations that Fourth Amendment illegal detention and lack of probable cause, undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

77. Denied. The City denies the Plaintiff's Count II allegations that Fourth Amendment illegal detention and lack of probable cause, undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

78. Denied. The City denies the Plaintiff's Count II allegations that Fourth

Amendment illegal detention and lack of probable cause, undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

79. Denied. The City denies the Plaintiff's Count II allegations that Fourth Amendment illegal detention and lack of probable cause, undertaken pursuant to City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

80. The City incorporates by reference its responses to paragraphs 1–80 as if set forth fully herein, Count IV incorporates prior paragraphs by reference.

81. Denied. The City denies Count IV which alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts and City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

82. Denied. The City denies Count IV which alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts and City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

83. Denied. The City denies Count IV which alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts and City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

84. Denied. The City denies Count IV which alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts and City policies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

85. Denied. The City denies Count IV which alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts and City policies. The City denies any violation of law or tortious conduct as

well as any other allegations in this paragraph.

86. The City incorporates by reference its responses to paragraphs 1-86 as if set forth fully herein, and the Count IV responses by reference.

87. Denied. County IV alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts, and City policies, which the City denies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

88. Denied. County IV alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts, and City policies, which the City denies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

89. Denied. County IV alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts, and City policies, which the City denies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

90. Denied. County IV alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts, and City policies, which the City denies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

91. Denied. County IV alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts, and City policies, which the City denies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

92. Denied. County IV alleges a conspiracy by Nelson and Shively to deprive rights before arrest and continuing thereafter, overt acts, and City policies, which the City denies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

93. Denied. County IV alleges a conspiracy by Nelson and Shively to



MK MANNING | KASS

deprive rights before arrest and continuing thereafter, overt acts, and City policies, which the City denies. The City denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

94. The City incorporates by reference its responses to paragraphs 1–94 as if set forth fully herein. Count V incorporates prior paragraphs by reference.

95. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

96. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

97. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

98. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

99. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of

which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

100. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

101. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

102. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

103. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

104. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well.

105. Denied. Count V alleges Monell policy and custom claims against the

City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

106. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

107. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

108. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

109. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

110. Denied. Count V alleges Monell policy and custom claims against the City concerning training, supervision, identification procedures, evidence handling, report writing , customs, deliberate indifference, ratification, and causation, all of which the City denies. The City also denies any violation of law or tortious conduct



MK MANNING | KASS

as well as any other allegations in this paragraph.

111. The City incorporates by reference its responses to paragraphs 1–110 as if set forth fully herein. Count VI incorporates prior paragraphs by reference.

112. Denied. Count VI alleges intentional infliction of emotional distress by Nelson and Shively and compliance with claim presentment. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

113. Denied. Count VI alleges intentional infliction of emotional distress by Nelson and Shively and compliance with claim presentment. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

114. Denied. Count VI alleges intentional infliction of emotional distress by Nelson and Shively and compliance with claim presentment. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

115. The City incorporates by reference its responses to paragraphs 1–114 as if set forth fully herein. Count VII incorporates prior paragraphs by reference.

116. Denied. Count VII alleges civil conspiracy under state law against Nelson and Shively, overt acts, and resulting damages which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

117. Denied. Count VII alleges civil conspiracy under state law against Nelson and Shively, overt acts, and resulting damages which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

118. Denied. Count VII alleges civil conspiracy under state law against Nelson and Shively, overt acts, and resulting damages which the City denies. The City also denies any violation of law or tortious conduct as well as any other



MK MANNING | KASS

allegations in this paragraph.

119. Denied. Count VII alleges civil conspiracy under state law against Nelson and Shively, overt acts, and resulting damages which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

120. Denied. Count VII alleges civil conspiracy under state law against Nelson and Shively, overt acts, and resulting damages which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

121. The City incorporates by reference its responses to paragraphs 1–120 as if set forth fully herein. Count VIII incorporates prior paragraphs by reference.

122. Denied as to any liability of the City beyond that allowed by law. The City admits only that Plaintiff purports to seek respondeat superior liability under California Government Code § 815.2 for torts of employees acting within the scope of employment, which the City disputes on the merits and subject to immunities and limitations. Count VIII alleges state-law respondeat superior liability of the City under Cal. Gov. Code § 815.2 for torts of employees acting within scope. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

123. Denied as to any liability of the City beyond that allowed by law. The City admits only that Plaintiff purports to seek respondeat superior liability under California Government Code § 815.2 for torts of employees acting within the scope of employment, which the City disputes on the merits and subject to immunities and limitations. Count VIII alleges state-law respondeat superior liability of the City under Cal. Gov. Code § 815.2 for torts of employees acting within scope. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

124. Denied as to any liability of the City beyond that allowed by law. The



MK MANNING | KASS

City admits only that Plaintiff purports to seek respondeat superior liability under California Government Code § 815.2 for torts of employees acting within the scope of employment, which the City disputes on the merits and subject to immunities and limitations. Count VIII alleges state-law respondeat superior liability of the City under Cal. Gov. Code § 815.2 for torts of employees acting within scope. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

125. The City incorporates by reference its responses to paragraphs 1–124 as if set forth fully herein. Count IX incorporates prior paragraphs by reference.

126. Denied. Count IX alleges claims under Cal. Civ. Code § 52.1 (Bane Act) against Nelson and Shively for interference with rights by threats, intimidation, or coercion, causing wrongful prosecution and imprisonment, which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

127. Denied. Count IX alleges claims under Cal. Civ. Code § 52.1 (Bane Act) against Nelson and Shively for interference with rights by threats, intimidation, or coercion, causing wrongful prosecution and imprisonment, which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

128. Denied. Count IX alleges claims under Cal. Civ. Code § 52.1 (Bane Act) against Nelson and Shively for interference with rights by threats, intimidation, or coercion, causing wrongful prosecution and imprisonment, which the City denies. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

129. The City incorporates by reference its responses to paragraphs 1–128 as if set forth fully herein. Count X incorporates prior paragraphs by reference.

130. Denied as to any present entitlement to indemnification or liability of the City; the City admits only that Plaintiff purports to assert an indemnification

claim under California Government Code § 825, which is subject to statutory prerequisites, defenses, and limitations. Count X alleges California law directs public entities to pay tort judgments for compensatory damages for employees acting within scope and alleges Nelson and Shively were such employees. The City also denies any violation of law or tortious conduct as well as any other allegations in this paragraph.

## GENERAL DENIAL

Except as expressly admitted herein, the City generally and specifically denies each and every allegation of the Complaint, denies that Plaintiff is entitled to any relief whatsoever, and denies that any act or omission by the City or any of its employees violated Plaintiff's rights or caused him damage.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Tort Claims Act Violation)**

1. This action is barred by the plaintiff's failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

2. Plaintiff's claims are barred or limited to the extent plaintiffs failed to mitigate plaintiffs' injuries or damages, if there were any. Plaintiffs have failed to mitigate the damages, if any, which plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries, and failed to take reasonable precautions to reduce any injuries and damages.



MK MANNING | KASS

**THIRD AFFIRMATIVE DEFENSE**

**(Contributory and/or Comparative Liability)**

3. Plaintiff's claims are barred or limited by plaintiff(s)' and/or plaintiffs' decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent the plaintiffs suffered any injury or damages, it was the result of plaintiffs' own negligent or deliberate actions or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

**(Public Entity/Employee Immunity for Discretionary Acts)**

4. Plaintiffs' recovery is barred because any injury or damage suffered by plaintiffs was caused solely by reason of the plaintiff(s)' wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties. The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering Defendant on account of such conduct.

**FIFTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity & Good Faith Immunity)**

5. There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

**SIXTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

6. Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs' recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et. seq.*, 820 *et. seq*.

MANNING | KASS

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendant(s) are immune for any detriment resulting from any of their actions or omissions at the time of the incident of which plaintiffs complain pursuant to Government Code § 810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 845.8, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

**NINTH AFFIRMATIVE DEFENSE**

**(Statutory compliance)**

9. The individual Defendants are immune from liability under the Federal Civil Rights Act because a reasonable deputy could believe that his acts and conduct were appropriate. The individual Defendant is immune from liability under the Federal Civil Rights Act because their individual conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

**TENTH AFFIRMATIVE DEFENSE**

10. At all relevant times, the involved employees of the City acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. At the time and place referred to in the Complaint, and before such event, plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury and/or lawful deprivation of right(s).

MANNING | KASS

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

12. To the extent that the Complaint attempts to predicate liability upon the public entity defendant or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code §§ 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to plaintiffs; and by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal case of any injury alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Qualified immunity)**

13. The defendant may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Govt. Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986)

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Discretionary-function immunity)**

14. The City and its employees acted in conformity with applicable statutes, regulations, and generally accepted standards, defeating liability.

/ / /

/ / /

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Governmental Immunity and Statutory Immunities)**

15. The defendant City did not intentionally act with malice, fraud or oppression against Plaintiff in any manner, nor did it act in any manner constituting deliberate indifference to the plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Public Duty Doctrine)**

16. To the extent plaintiff recovers any judgment or obtains any relief against these answering defendant, which is expressly denied, such recovery was proximately caused, in whole or in part, by the acts, omissions, negligence, recklessness, or wrongful conduct of other persons or entities, whether named or unnamed, over whom defendants had no control.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Governmental Immunity and Statutory Immunities)**

17. Accordingly, defendant is entitled to indemnity, contribution, and/or equitable apportionment of fault from such persons or entities, including but not limited to principles of equitable indemnity, comparative fault, contractual indemnity (if applicable), and any other applicable statutory or common-law right of indemnification or contribution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

18. Defendant contends that it cannot fully anticipate all affirmative defenses that may be applicable to this action based on the conclusory terms used in plaintiffs' Complaint. Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

/ / /

/ / /



MANNING | KASS

MK MANNING | KASS

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Monell Policy, Custom or Practice)**

19. To the extent that the Complaint attempts to predicate liability upon the public entity defendant or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code §§ 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to plaintiffs; and by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal case of any injury alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Good Faith and Objective Reasonableness)**

20. The defendant(s) may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Govt. Code §§ 844.6, 845.6; Cal. Civil Code § 2351; Malloy v. Fong (1951) 37 Cal.2d 356, 378-379; Monell v. Department of Social Services of the City of New York (1978) 436 U.S. 658; Larez v. City of Los Angeles (9th Cir. 1991) 946 F.2d 630, 645-646; cf. City of Canton v. Harris, 489 U.S. 378, 388-389 (1989); City of Los Angeles v. Heller, 475 U.S. 796 (1986).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Limitation on Respondeat Superior)**

21. Plaintiff's state-law claims are barred, in whole or in part, by immunities and defenses provided to public entities and employees under California law, including but not limited to discretionary immunity, immunities related to prosecution and investigation, and any other applicable statutory immunities.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(After-acquired or Subsequently Discovered Evidence)**

22. The City and its employees acted in conformity with applicable statutes, regulations, and generally accepted standards, defeating liability.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Good faith and Objective Reasonableness)**

23. To the extent plaintiffs recover any judgment or obtains any relief against these answering defendants, which is expressly denied, such recovery was proximately caused, in whole or in part, by the acts, omissions, negligence, recklessness, or wrongful conduct of other persons or entities, whether named or unnamed, over whom defendants had no control.

**TWENTY-FORTH AFFIRMATIVE DEFENSE**

24. Accordingly, defendant(s) is entitled to indemnity, contribution, and/or equitable apportionment of fault from such persons or entities, including but not limited to principles of equitable indemnity, comparative fault, contractual indemnity (if applicable), and any other applicable statutory or common-law right of indemnification or contribution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and repose under federal and California law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. To the extent any claim could be imputed to the City through theories not cognizable against municipalities, or to the extent any relief seeks to impose liability derivative of employees' conduct, qualified immunity protects individual actions and defeats derivative theories as to the City where applicable.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. To the extent Plaintiff challenges discretionary policy or operational decisions, those claims are barred.

MANNING | KASS

**TWENTY-EIGHT AFFIRMATIVE DEFENSE**

28. Plaintiff's state-law claims are barred, in whole or in part, by immunities and defenses provided to public entities and employees under California law, including but not limited to discretionary immunity, immunities related to prosecution and investigation, and any other applicable statutory immunities.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. The duties alleged by Plaintiff run to the public at large, not to a specific individual. There is no special duty owed to Plaintiff which exists absent required elements.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. Plaintiff has failed to comply with notice-of-claim or presentment requirements. Plaintiff's state-law claims are barred, in whole or in part, for noncompliance with California Government Claims Act notice and presentment requirements, including timeliness and sufficiency. The City denies any waiver.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Plaintiff cannot establish that any constitutional violation was caused by a City policy, practice, custom, failure to train, or ratification.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32. City employees acted in good faith and with objective reasonableness under the circumstances. Therefore, municipal liability does not attach.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33. The City is not liable under respondeat superior for federal § 1983 claims and any state-law vicarious liability is limited by statute and immunity provisions.

**THIRTY-FORTH AFFIRMATIVE DEFENSE**

34. The City reserves the right to rely upon later-discovered facts or evidence that may bar or limit recovery.

/ / /

/ / /

MANNING | KASS

**<u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>**

35. City employees acted in good faith and with objective reasonableness under the circumstances; municipal liability does not attach.

**<u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u>**

36. Defendant contends that it cannot fully anticipate all affirmative defenses that may be applicable to this action based on the conclusory terms used in plaintiffs' Complaint. Accordingly, Defendant expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendants pray for relief as follows:

1. That the Complaint be dismissed with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of the Complaint, and that judgment be entered against Plaintiff and in favor of Defendant City;

3. That Defendant be awarded its costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED: September 9, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *<u>/s/ Mildred K. O'Linn</u>*
Mildred K. O’Linn
Robert E. Murphy
Attorneys for Defendant City of West Covina

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial of this matter by jury.

DATED: September 9, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Mildred K. O'Linn*
Mildred K. O’Linn
Robert E. Murphy
Attorneys for Defendants